UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MICHAEL LEWICKI**,

        Plaintiff,

                              Case No.:   16-12193

vs.


**COMCAST BUSINESS COMMUNICATIONS, LLC,**
a Foreign Limited Liability Company,

        Defendant.
_____

**GASIOREK, MORGAN, GRECO**
**McCAULEY & KOTZIAN, P.C.**
BY:   DONALD J. GASIOREK (P24987)
       AHMAD CHEHAB (P75560)
Attorneys for Plaintiff
30500 Northwestern Highway, Ste. 425
Farmington Hills, Michigan 48334
Phone: (248) 865-0001
dgasiorek@gmgklaw.com
achehab@gmgmklaw.com

_____

## COMPLAINT

      NOW COMES PLAINTIFF, MICHAEL LEWICKI, by and through his

attorneys, Gasiorek, Morgan, Greco, McCauley & Kotzian, P.C., and for his

Complaint against Defendant Comcast Business Communications, LLC, states as

follows:

## PARTIES

1.     At all times relevant hereto, Plaintiff Michael Lewicki (hereinafter "Plaintiff") was a resident of Wayne County.

2.     Defendant Comcast Business Communications LLC ("Defendant") is a Pennsylvania corporation with its principal place of business in Pennsylvania, and at all times relevant is authorized to and conducts continuous and systematic business in the State of Michigan and County of Wayne, and has a resident agent and registered office in Oakland County, Michigan.

## JURISDICTION AND VENUE

3.     Venue is appropriate in this forum, pursuant to 28 U.S.C. § 1391, because Plaintiff's claims occurred in Wayne County, Michigan.

4.     This Court has jurisdiction over these matters pursuant to 28 U.S.C. §1331—specifically, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA").

5.     Defendant's Voluntary Retirement Program ("VRP" and/or "Plan") is a group employee benefit plan covered by and within the meaning of ERISA.

## FACTS

6.     At all times relevant hereto, Plaintiff was an employee of Defendant.

7.     Plaintiff was employed by Defendant for approximately 35 years, from 1981 until February 2, 2016.

8.     During this approximately 35 year employment with Defendant, Plaintiff worked as a Technical Operation Commercial Technician.

9.     Prior to making the decision to retire, and on several occasions, Plaintiff had made multiple inquiries as to whether or not he should retire.

10.    At the time of Plaintiff's inquiries, and unbeknownst to Plaintiff, Defendant was about to unveil the VRP for employees in its Northeast Division and Central Division footprint.

11.    In reliance upon the misleading information and misrepresentations offered by the Defendants' employees, agents and representatives, Plaintiff tendered his resignation on January 19, 2016.

12.    Plaintiff's effective date of retirement was February 2, 2016.

13.    Defendant had given serious consideration to the VRP while Plaintiff was still duly employed.

14.    Upon information and belief, Defendant unveiled its VRP program less than one month following Plaintiff's effective retirement date.

15.    The VRP was a limited time offering.

16.    Save for Plaintiff's effective retirement date, Plaintiff was fully eligible for the VRP program.

17.    Eligibility for the VRP was based on one's position with Defendant, the organizational unit, age, and completed years of service.

3

18.     The VRP offered a severance pay plan for 45 weeks of salary, with an enhancement of 12 weeks, for a total pay continuation of 57 weeks.

19.     In addition, the VRP offered an attractive medical, prescription drug, dental and vision benefits continuation under Defendant's plans during the pay continuation period, followed by access to a Retirement Reimbursement Account or "Stipend" to pay for post-tax premiums for medical, prescription, drug, dental and vision coverage.

20.     Should an eligible candidate such as the Plaintiff have desired to take advantage of the VRP, the earliest targeted last day of work could have been as soon as April 29, 2016.

21.     On or about February 22, 2016, Plaintiff learned about the VRP.

22.     Immediately upon finding out about the attractive and lucrative VRP offering, Plaintiff was in a state of shock, disappointment and outrage.

23.     Had the Plan Administrator dutifully made Plaintiff known that the VRP would be offered only a few weeks after his targeted retirement date, Plaintiff would have remained an employee of Defendant in order to take advantage of the offering.

24.     Because the Defendant breached its fiduciary duties to Plaintiff by failing to inform him that an enhanced retirement plan was under serious

4

consideration, Plaintiff resigned before the VRP was officially offered to eligible employees who had not yet retired, including Plaintiff.

25.     Upon information and belief, Defendant exercised responsibility for communicating with participants regarding the Plan and providing Participants with information and materials required by ERISA.

26.     Defendant assisted in drafting and disseminating various documents and materials related to the Plan, including but not limited to the VRP and various documents incorporated into the VRP.

27.     With respect to Defendant's fiduciary functions in relation to the Plan, Defendant acted through its officers, directors and employees.

28.     In addition to its independent obligations as a fiduciary, Defendant had, at all relevant times, effective control over the activities of its officers, directors and employees with respect to Plan-related activities.

29.     The actions of the fiduciaries of the Plan, who failed to properly discharge their fiduciary duties under ERISA, are imputed to Defendant under the doctrine of respondeat superior and Defendant is liable for any and all such actions which have harmed Plaintiff.

## COUNT I—DECLARATORY & INJUCTIVE RELIEF FOR BREACH OF FIDUCIARY DUTIES UNDER 29 USC §§1132(a) (i) (B), 1132(a) (2) and 1132(a) (3)

30.     Plaintiff incorporates by reference all previous allegations as though fully stated herewith.

31.     The enhanced retirement plan or VRP constituted an employee welfare benefit plan as defined in 29 U.S.C. 1002(1) and is governed by the Employee Income Security Act, 29 U.S.C. 1001, *et seq*. The Defendant was a fiduciary with respect to such plan within the definition of "fiduciary."

32.     Plaintiff justifiably relied upon the aforesaid silence and (mis)representations, and as a result retired from Defendant on or about February 2, 2016.

33.     Plaintiff's decision to retire was made in reasonable reliance on the actions of the Defendant, and, but for such actions, the Plaintiff would have delayed retiring and would have accepted the enhanced retirement plan and the benefits described therein.

34.     Conveying information about plan benefits, plan policies, and plan prospects are fiduciary acts.

35.     Conveying accurate information about plan benefits are also ERISA fiduciary duties.

6

36.    As a result of the Defendant's intentional failure to disclose the existence and content of the VRP, Plaintiff was denied a retirement package that he was eligible for had he remained employed until the target retirement date.

37.    The Defendant's actions described above violated its fiduciary duties to the Plaintiff under ERISA, and the Defendant is therefore liable, pursuant to 29 U.S.C. 1109(a), for the equitable civil relief authorized to be imposed upon it by 29 U.S.C. 1132(a)(3).

38.    Defendant's further failure to make the VRP package retroactive to the Plaintiff's retirement date represents a breach of Defendant's fiduciary duties and contractual obligations, and constitutes a violation of ERISA.

39.    Despite the Plaintiff's demand of the Defendant, the Defendant has failed and refused to allow the Plaintiff to participate in the enhanced retirement plan or VRP.

40.    If the Defendant is allowed to continue to bar the Plaintiff from participating in the enhanced retirement plan, the Defendant will be unjustly enriched and the Plaintiff will suffer substantial and/or irreparable harm and/or such action and/or continued action is in violation of ERISA law such as to warrant the issuance of injunctive relief.

41.    The Plaintiff is specifically entitled to injunctive relief under ERISA, 29 U.S.C. 1132(a)(3), and/or the Plaintiff has no adequate remedy at law.

7

WHEREFORE, Plaintiff prays for the following relief:

a. Restitution;

b. An order and/or injunction directing the Defendant to permit the Plaintiff to participate in the VRP in the same manner and to the same extent the Plaintiff would have participated had the Plaintiff been allowed to accept the initial offer of the VRP;

c. A declaration that the Plaintiff is entitled to participate in the VRP in the same manner and to the same extent the Plaintiff would have participated had the Plaintiff been allowed to accept the initial offer of the VRP;

d. Attorney's fees and costs pursuant to 29 U.S.C. 1132(g);

e. Interest;

f. Such other and further relief as the court may deem fair and just.

## COUNT II—BREACH OF FIDUCIARY DUTIES UNDER ERISA, 29 USC §§1104 and §§1109.

42.     Plaintiff incorporates by reference all previous allegations as though fully stated herewith.

43.     Under the circumstances as set forth hereinabove, Defendant had an affirmative duty to inform plan participants, including the Plaintiff, that serious consideration was being given to implementing an early retirement/severance incentive (VRP) for which Plaintiff would be eligible.

44.     Plaintiff elected to retire because the Defendant knowingly or negligently misled the Plaintiff in one or more of the following ways:

8

a. By making affirmative material misrepresentations that caused the Plaintiff to believe that no enhancement of employee benefits would be offered to employees or was being seriously considered by the Defendant;

b. By giving incomplete and untruthful responses to the Plaintiff's inquiries about employee options and benefits in that, in response to the Plaintiff's inquiries, the Defendant failed to disclose that it had decided to offer enhanced benefits to employees or was seriously considering making such an offer;

c. By failing, on or before the effective date of the Plaintiff's retirement, to correct, supplement, or supersede prior representations made by the Defendant that caused the Plaintiff to believe that no enhancement of employee benefits would be offered to employees or was being seriously considered by the Defendant when, as of the effective date of the Plaintiff's retirement, the Defendant had decided to offer such benefits to employees or was seriously considering making such an offer.

45.    By breaching this affirmative duty, Defendant violated its obligations under ERISA, 29 USC §§1104 and 1109.

WHEREFORE, Plaintiff prays for the following relief:

a. Restitution;

b. An order and/or injunction directing the Defendant to permit the Plaintiff to participate in the VRP in the same manner and to the same extent the Plaintiff would have participated had the Plaintiff been allowed to accept the initial offer of the VRP;

c. A declaration that the Plaintiff is entitled to participate in the VRP in the same manner and to the same extent the Plaintiff would have participated had the Plaintiff been allowed to accept the initial offer of the VRP;

9

d. Compensatory damages equal to the increased benefits pursuant to the VRP to be paid Plaintiff, together with the maximum interest allowed by law;

e. Compensatory damages equal to the difference between the pension earned by Plaintiff's and the amount of salary he would have earned had he remained on the payroll until the early retirement incentive was announced, together with the maximum interest allowed by law;

f. Damages suffered by Plaintiff as a result of the misrepresentation of Defendant and punitive damages in an amount to be determined by the trier of fact;

g. Attorney's fees and costs pursuant to ERISA, 29 U.S.C. 1132(g);

h. Interest;

i. Such other and further relief as the court may deem fair and just.

## COUNT III—MISREPRESENTATION, IN VIOLATION OF ERISA, 29 USC §§1104 and 1109

46.     Plaintiff incorporates by reference all previous allegations as though fully stated herewith.

47.     Under the circumstances as set forth hereinabove, Defendant had a duty not to make misrepresentations regarding the consideration it was giving to an early retirement/severance incentive and its retroactivity.

48.     By breaching this duty, Defendant violated its statutory obligations under 29 USC §§1104 and 1109.

10

49.     Plaintiff seeks to enforce his rights pursuant to ERISA, 29 USC §§11132(a)(i)(B), 1132(a)(2) and 1132(a)(3) in that Defendant failed to comply with its duty not to make misrepresentations regarding the consideration it was given to an early retirement/severance incentive and its retroactivity.

WHEREFORE, Plaintiff prays for the following relief:

      a. Restitution;

      b. An order and/or injunction directing the Defendant to permit the Plaintiff to participate in the VRP in the same manner and to the same extent the Plaintiff would have participated had the Plaintiff been allowed to accept the initial offer of the VRP;

      c. A declaration that the Plaintiff is entitled to participate in the VRP in the same manner and to the same extent the Plaintiff would have participated had the Plaintiff been allowed to accept the initial offer of the VRP;

      d. Compensatory damages equal to the increased benefits pursuant to the VRP to be paid Plaintiff, together with the maximum interest allowed by law;

      e. Compensatory damages equal to the difference between the pension earned by Plaintiff's and the amount of salary he would have earned had he remained on the payroll until the early retirement incentive was announced, together with the maximum interest allowed by law;

      f. Damages suffered by Plaintiff as a result of the misrepresentation of Defendant and punitive damages in an amount to be determined by the trier of fact;

      g. Attorney's fees and costs pursuant to ERISA, 29 U.S.C. §1132(g);

h. Interest;

i. Such other and further relief as the court may deem fair and just.

## COUNT IV—EQUITABLE ESTOPPEL (FEDERAL COMMON LAW)

50. Plaintiff incorporates by reference all previous allegations as though fully stated herewith.

51. Defendant concealed the fact that it was considering the offering of early retirement/severance incentives and affirmatively suggested that it was not considering offering early retirement/severance incentives.

52. Plaintiff's justifiably relied upon the aforesaid to his detriment/injury.

53. Defendant is equitably estopped from declining to offer the early retirement/severance incentive (VRP) to Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment declaring that Defendant's failure to make the VRP retroactive to the dates the Plaintiff retired was unlawful and in violation of ERISA;

b. The equitable remedy of designating Plaintiff as having fulfilled all the necessary requirements to be a participant in the VRP;

c. Providing Plaintiff's specific performance, enforcing Defendant's obligations with Plaintiff;

d. Enjoining Defendant to make the VRP available retroactive to Plaintiff's respective retirement dates;

12

e.   Compensatory damages equal to the increased benefits pursuant to the VRP to be paid Plaintiff, together with the maximum interest allowed by law;

f.   Compensatory damages equal to the difference between the pension earned by Plaintiff's and the amount of salary he would have earned had he remained on the payroll until the early retirement incentive was announced, together with the maximum interest allowed by law;

g.   Damages suffered by Plaintiff as a result of the misrepresentation of Defendant and punitive damages in an amount to be determined by the trier of fact;

h.   Reasonable attorney fees, costs, disbursements and expenses pursuant to 29 USC §1132(g); and

i.   Such other, further and different relief as to this Court may seem just and proper.

Respectfully submitted,

**GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN P.C.**

BY:      /s/ *Donald J. Gasiorek*
DONALD J. GASIOREK (P24987)
AHMAD CHEHAB (P75560)
Attorneys for Plaintiff
30500 Northwestern Highway, Ste. 425
Farmington Hills, Michigan 48334
Phone: (248) 865-0001
dgasiorek@gmgklaw.com
achehab@gmgmklaw.com

Dated: June 14, 2016

13